# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DIANE K. MUELLER,**

                Plaintiff,

                                          **Case No. 09-C-546**

       -vs-

**JENNIFER WHITEHEAD,
KENDRA HEEREY, STATE OF WISCONSIN,
FRANK EASTERBROOK, J.P. STADTMUELLER,
JOHN SHABAZ, STEPHANIE HOJE,
JOHN DOES, RICK RAEMISCH, BARB BITTER,
SHEBOYGAN COUNTY, MIKE HELMKE, GUST
LAMMERS, JANET LAMMERS,**

                Defendants.

## DECISION AND ORDER

This is a *pro se* civil rights suit purportedly filed by Diane Mueller. As explained in the pleadings, Diane Mueller is the fiancé of James D. Lammers. Lammers "has a long history of frivolous litigation" and is subject to the following order: "Until Lammers pays, in full, all outstanding sanction orders *and* all outstanding filing and docket fees for his many suits, the clerks of all seven district courts in this circuit, and the clerk of this court, will return to Lammers all filings in civil cases." *Lammers v. Ellerd*, 202 F.3d 273 at *1-2 (7th Cir. 1999) (Unpublished Disposition) (citing *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

Mueller claims that her right to associate with Lammers is being violated because Lammers is "criminally unconstitutionally injured thus injuring me and estoping [sic] my association liberties based on phony parole scam and phony arrests/imprisonments." By itself, Mueller's claim is frivolous,[1] but the real reason behind Mueller's involvement was to prevent the Clerk from rejecting the suit and to allow Lammers to pursue his claims with Mueller as his proxy. Mueller explicitly requests an order allowing Lammers into this lawsuit and seeks to enjoin certain authorities from the Wisconsin Department of Corrections from enforcing the conditions of Lammers' parole. In other words, Lammers' claims are the real claims in this action, not Mueller's. This transparent attempt to evade the Seventh Circuit's order will not be permitted. Mueller is also warned that she may be subject to sanctions if she files any further frivolous lawsuits or ventures another effort to help Lammers circumvent his restrictions. *See* Fed. R. Civ. P. 11(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** this matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2009.

              **SO ORDERED,**

              *s/ Rudolph T. Randa*
              **HON. RUDOLPH T. RANDA**
              **Chief Judge**

---

[1] Mueller's right to associate with Lammers is not subject to a direct and substantial burden by virtue of the conditions of Lemmers' parole. *See Zablocki v. Redhail*, 434 U.S. 374, 383-87 (1978); *Smith v. Shalala*, 5 F.3d 235, 238-39 (7th Cir. 1993). To the extent that this claim can be separated from Lammers' claims, it is frivolous and may be dismissed *sua sponte*. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000) (district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee).